[54 NYS3d 302]

In the Matter of Jason Matthew Butler, an Attorney, Respondent. Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts, Petitioner.

Second Department, June 21, 2017

**APPEARANCES OF COUNSEL**

*Diana Maxfield Kearse*, Brooklyn (*Thomas Graham Amon* of counsel), for petitioner.

### OPINION OF THE COURT

Per Curiam.

On January 19, 2017, the Grievance Committee for the Second, Eleventh, and Thirteenth Judicial Districts commenced a disciplinary proceeding pursuant to 22 NYCRR 1240.8 (a) (1) against the respondent by filing an order to show cause, along with a supporting affirmation dated January 17, 2017, a notice of petition dated January 10, 2017, and a verified petition dated January 10, 2017. The order to show cause sought, pursuant to 22 NYCRR 1240.9 (a) (3), the respondent's immediate suspension from the practice of law upon a finding that he was guilty of professional misconduct based on his failure to comply with the lawful demands of the Grievance Committee in an investigation, pending prosecution of the disciplinary proceeding. On January 24, 2017, the Presiding Justice of this Court signed the order to show cause, authorizing service of the order to show cause, along with the papers upon which it was made, and any future papers to be served, to be effectuated upon the respondent by mailing said documents to the respondent's registered address, by both first-class and certified mail, return receipt requested.

The verified petition contains a single charge alleging that the respondent engaged in conduct that is prejudicial to the administration of justice by failing to cooperate with the Grievance Committee's investigation of three complaints of professional misconduct filed against him, in violation of rule 8.4 (d) of the Rules of Professional Conduct (22 NYCRR 1200.0).

On January 25, 2017, the respondent was served with a copy of the order to show cause, the supporting affirmation, the notice of petition, and the verified petition in accordance with the manner of service specified in the order to show cause.

The notice of petition directed the respondent to file his original verified answer to the verified petition with the Court within 20 days of his receipt thereof. To date, the respondent has failed to serve his verified answer to the verified petition upon the Grievance Committee, and failed to file the same with the Court. In addition, the respondent has not responded to the order to show cause seeking his immediate suspension, and has not sought additional time in which to do so.

The Grievance Committee now moves to adjudicate the respondent in default for his failure to answer the petition within

the time frame specified by the notice of petition. On March 10, 2017, the Grievance Committee served the respondent with a copy of the motion to adjudicate him in default. To date, the respondent has neither responded to the motion, nor requested additional time in which to do so.

Accordingly, the Grievance Committee's motion to adjudicate the respondent in default is granted, the charge in the petition is deemed established, and, effective immediately, the respondent is disbarred upon his default, and his name is stricken from the roll of attorneys and counselors-at-law. The motion seeking the respondent's immediate suspension is denied as academic.

ENG, P.J., MASTRO, RIVERA, DILLON and BALKIN, JJ., concur.

Ordered that the petitioner's motion to adjudicate the respondent in default is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Jason Matthew Butler, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, Jason Matthew Butler, shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, Jason Matthew Butler, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Jason Matthew Butler, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15 (f); and it is further,

Ordered that the motion for the respondent's immediate suspension is denied as academic.